1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6
7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   CHENG CHENG,                          No. C 08-4225 WHA (PR)
10              Plaintiff,                **ORDER OF DISMISSAL**
11      v.
12  STEVEN A. CHASE,
13              Defendant.
                                        /
14
15      Plaintiff, an inmate at the San Mateo County Jail, has filed a pro se civil rights
16  complaint under 42 U.S.C. § 1983.
17                              **DISCUSSION**
18  **A.    STANDARD OF REVIEW**
19      Federal courts must engage in a preliminary screening of cases in which prisoners seek
20  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
21  § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
22  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
23  monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro
24  se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
25  (9th Cir. 1990).
26      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
27  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
28  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

**United States District Court**
For the Northern District of California

1   upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

2   Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

3   plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

4   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

5   do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

6   level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

7   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

8   at 1986-87.

9        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

10   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

11   that the alleged deprivation was committed by a person acting under the color of state law.

12   *West v. Atkins*, 487 U.S. 42, 48 (1988).

13   **B.    LEGAL CLAIMS**

14        Plaintiff seeks to sue his public defender defense attorney for ineffective representation

15   in his criminal case.  Public defenders, however, do not act under color of state law in

16   representing their clients, and thus cannot be sued under Section 1983.  *Polk County v. Dodson*,

17   454 U.S. 312, 317-25 (1981); *Briley v. State of California*, 564 F.2d 849, 855 (9th Cir. 1977)

18   (neither appointed nor retained defense attorneys act under color of state law).  For this reason

19   plaintiff has failed to state a plausible claim against the defendant.  Because there is no way the

20   complaint can be amended to allow him to sue this defendant on this claim, the complaint will

21   be dismissed without leave to amend.

22                                    **CONCLUSION**

23        The complaint is **DISMISSED** with prejudice.  Because of the dismissal, plaintiff may

24   ignore the clerk's notice regarding the filing fee sent to him on September 8, 2008.  The clerk

25   shall close the file.

26        **IT IS SO ORDERED.**

27   Dated: September ___12___, 2008.

28   G:\PRO-SE\WHA\CR.08\CHENG4225.DSM.wpd

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE